```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

JACK W. BRAUN,                        )
                                      )
            Petitioner,                )
                                      )
      v.                              )    No. 4:08-CV-275-DJS
                                      )
JOE HOFFMEISTER,                      )
                                      )
            Respondent.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Jack W. Braun's application for leave to commence this action without payment of the required filing fee.  Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having reviewed the amended petition [Doc. #8], the Court will order petitioner to show cause as to why the Court should not dismiss the instant action for failure to exhaust available state remedies.

### The amended petition

Petitioner, an inmate at the St. Charles County Adult Detention Center, seeks release from confinement pursuant to 28 U.S.C. § 2254.  Petitioner states that he is challenging his June 13, 2002 conviction for unlawful use of a weapon and drug-related

charges imposed by the Circuit Court of St. Louis County, Missouri.[1] Petitioner states that he was sentenced to eight years' imprisonment, and that he did not appeal from the judgment of conviction or file any other petitions, applications, or motions concerning this judgment in any state court. In the instant action, petitioner is challenging the "use of evidence gained pursuant to an unconstitutional search and seizure," as well as the use of "evidence that was found in someone else's premises." Petitioner also claims that the prosecuting attorney "withheld evidence which [plaintiff] feel[s] has affected [his] case." Last, petitioner states that he had "a pre-parole hearing," but was not allowed to cross-examine witnesses and was "denied [his] right to be heard to ask questions."

Upon review of the instant petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional

---

[1] In addition, petitioner asserts claims for the alleged violation of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986. It is a well-settled principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and monetary damages). Thus, to the extent that petitioner is seeking monetary and/or declaratory relief for the violation of his constitutional rights, his recourse is not in habeas corpus.

circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody.  See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01.  Moreover, Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus.  Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).  It does not appear that petitioner has availed himself of any of these potential remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the

3

Court should not dismiss the instant application for failure to exhaust available state remedies.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this __29th__ day of April, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE